Filed 4/25/22  P. v. Keenum CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094989 |
| Plaintiff and Respondent, | (Super. Ct. No. 108668) |
| v. | |
| RICHARD LEE KEENUM, | |
| Defendant and Appellant. | |

In 1990, defendant Richard Lee Keenum pled no contest to violating Penal Code section 4573.6.[1]  He was originally granted probation but was then sentenced to prison for three years after violating probation.

Defendant filed a petition in July 2021 to dismiss the judgment pursuant to section 1203.4, and the trial court denied it in August 2021.  Defendant appealed.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

## I. DISCUSSION

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a postjudgment motion such as the one at issue here is an open question. Our Supreme Court is set to resolve the issue with respect to resentencing petitions under section 1170.95 in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted February 17, 2021, S266305.

As we recently explained in *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, in an appeal from a section 1170.95 petition, appointed counsel is required to independently review the entire record and may file a brief advising the appellate court that there are no arguable issues to raise on appeal. Counsel must then notify the defendant that he or she has a right to file a supplemental brief within 30 days of the filing of counsel's brief.  Although this court "has the duty to address any issues raised by the defendant," we may otherwise "dismiss the appeal without conducting an independent review of the record." (*Figueras, supra,* at pp. 112-113.)

Just as in *Figueras*, defendant here appeals from a postjudgment motion. Defendant's appointed counsel filed a brief raising no issues, and defendant declined to file a supplemental brief, despite having the opportunity to do so.  Under the circumstances, *Wende* and *Anders v. California* (1967) 386 U.S. 738 do not require us to read the entire record ourselves to look for arguable grounds for reversal.  We accordingly dismiss the appeal as abandoned.  (See *People v. Figueras, supra,*

2

61 Cal.App.5th 112-113, review granted; see also *People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1034, 1036-1037, review granted Oct. 14, 2020, S264278 [*Wende* procedures do not apply to appeal from order denying postconviction petition for resentencing under § 1170.95].)

## II. DISPOSITION

The appeal is dismissed.

/S/

RENNER, J.

We concur:

/S/

HOCH, Acting P. J.

/S/

KRAUSE, J.